**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Morris D. HUNT, Defendant–Appellant.**

No. 02–2145.

United States Court of Appeals,
Seventh Circuit.

Submitted Sept. 10, 2002 *.

Decided Sept. 17, 2002.

Before EASTERBROOK, EVANS, and WILLIAMS, Circuit Judges.

### Order

Last year we affirmed Morris Hunt's convictions for money laundering and conspiracy to distribute cocaine but remanded for a new calculation of the quantity of cocaine that Hunt could reasonably foresee that his co-conspirators would distribute. *United States v. Hunt*, 272 F.3d 488 (7th Cir.2001). After a hearing at which Hunt declined to offer any evidence, the district judge determined that Hunt could have foreseen that his co-conspirators would distribute three kilograms of powder cocaine. The ensuing sentence of 63 months' imprisonment is a substantial reduction from the original sentence of 97 months. Nonetheless, Hunt has appealed a second time, contending that the sentence should have been lower still.

Hunt's arguments are predicated on a belief that he should have been sentenced as a money launderer rather than a member of a drug conspiracy. But he was convicted of the drug-conspiracy charge, and we held on the prior appeal that "[t]he drug trafficking guideline is applicable to Hunt ... because he is responsible not only for his own activity, but also for that of his co-conspirators, if reasonably foreseeable and in furtherance of the conspiracy." 272 F.3d at 497. That conclusion is the law of the case, and the district judge properly implemented it when resentencing Hunt. The judge's finding that Hunt reasonably could have foreseen that other conspirators would distribute three kilograms of cocaine is not clearly erroneous; the conclusion holds Hunt responsible for only a small fraction of the conspiracy's total endeavors. And because Hunt received such a substantial benefit through the modest attribution of relevant conduct, the judge did not abuse his discretion in denying Hunt a further reduction as a "minimal" participant. See U.S.S.G. § 3B1.2(a). The district judge found Hunt's role to be "minor" (producing a two-level reduction) rather than "minimal" (which would have produced a four-level reduction). Hunt personally laundered proceeds equivalent to the wholesale price of three kilograms of cocaine, so his role cannot be called "minimal" in relation to the conduct for which he was held accountable.

AFFIRMED

* This appeal has been submitted under Operating Procedure 6(b) to the panel that decided Hunt's prior appeal. The panel has concluded that additional oral argument is unnecessary.